# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| MICROTEL INNS AND SUITES FRANCHISING, INC., a Georgia Corporation, | : : : : Civil Action No. 26- : |
| Plaintiff, | : **COMPLAINT** |
| v. WILFONG HOSPITALITY II, LLC, a West Virginia Limited Liability Company; and GARY WILFONG, an individual, | : : : : : |
| Defendants. | : |

Plaintiff Microtel Inns and Suites Franchising, Inc., by its attorneys, Connell Foley LLP, complaining of defendants, Wilfong Hospitality II, LLC and Gary Wilfong (collectively, "Defendants"), says:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Microtel Inns and Suites Franchising, Inc. ("MISF") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Parsippany, New Jersey.

2.      Defendant Wilfong Hospitality II, LLC ("Wilfong Hospitality"), on information and belief, is a limited liability company organized and existing under

1

the laws of the State of West Virginia, with its principal place of business at 3227 Earl L Core Road, Suite 20, Morgantown, West Virginia 26508.

3.     Defendant Gary Wilfong ("Gary Wilfong"), on information and belief, is a member of Wilfong Hospitality and a citizen of the State of West Virginia, having an address at 201 Kimberly Circle, Fairmont, West Virginia 26554.

4.     Upon information and belief, Gary Wilfong is the only constituent member of Wilfong Hospitality.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 inasmuch as the plaintiff and both defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

6.     This Court has personal jurisdiction over Wilfong Hospitality by virtue of, among other things, section 13.N of the July 15, 2005 License Agreement by and between MISF and Gary Wilfong and Jack R. White, as assigned to Wilfong Hospitality (the "License Agreement"), described in more detail below, pursuant to which Wilfong Hospitality has consented to personal jurisdiction in "the U.S. District Court for the Northern District of Georgia, Atlanta Division or in the Superior Court of DeKalb County, Georgia."

18213176-4

7.    This Court has personal jurisdiction over Gary Wilfong by virtue of, among other things, the terms of a guaranty (the "Guaranty"), described in more detail below, pursuant to which Gary Wilfong acknowledged that he was personally bound by section 13 of the License Agreement.

8.    Venue is proper in this District pursuant to section 13.N of the License Agreement, inasmuch as that provision contains an express waiver by Wilfong Hospitality of any objection to venue in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Agreements Between the Parties

9.    On or about July 15, 2005, MISF entered into the License Agreement with Gary Wilfong and Jack R. White for the operation of a 59-room[1] Microtel Inns and Suites® guest lodging facility located at 20 Southland Drive, Fairmont, West Virginia 26554, designated as Site No. 31966-00945-02 (the "Hotel").  A true copy of the License Agreement is attached hereto as Exhibit A.

10.    On or about September 22, 2011, MISF entered into an assignment and assumption agreement (the "Assignment and Assumption Agreement") with Gary Wilfong and Jack R. White and Wilfong Hospitality, in which Wilfong

---

[1] By Letter Amendment to License Agreement dated November 20, 2013, a true copy of which is attached hereto as Exhibit B, the parties amended Attachment A of the License Agreement to reflect that the number of guest rooms at the Hotel had increased from 59 rooms to 62 rooms.

18213176-4

Hospitality assumed all of Gary Wilfong and Jack R. White's rights and obligations under the License Agreement for the Hotel. A true copy of the Assignment and Assumption Agreement is attached hereto as Exhibit C.

11.   On or about April 14, 2015, MISF and Wilfong Hospitality entered into a SynXis Subscription Agreement (the "SynXis Agreement") which governed Wilfong Hospitality's access to and use of certain computer programs, applications, features, and services, as well as any and all modifications, corrections, updates, and enhancements to same.  A true copy of the SynXis Agreement is attached hereto as Exhibit D.

12.   Pursuant to section 10.A of the License Agreement, Wilfong Hospitality was obligated to operate a Microtel Inns and Suites® guest lodging facility for a twenty-year term.

13.   Pursuant to section 3.D and section 14.H[2] of the License Agreement, and section 5 of the SynXis Agreement, Wilfong Hospitality was required to make certain periodic payments to MISF for royalties, marketing/reservation contributions, SynXis fees, taxes, interest, and other fees (collectively, "Recurring Fees").

---

[2] By Amendment to the License Agreement dated May 7, 2018, a true copy of which is attached hereto as Exhibit E, the parties amended the License Agreement by adding Section 14.H to incorporate a Combined Fee.

4

18213176-4

14.    Pursuant to section 3.D.6 of the License Agreement, Wilfong Hospitality agreed that interest is payable "on the overdue amount from the due date until paid in full at the lesser rate of one and one-half percent (1.5%) per month or the maximum rate permitted by law."

15.    Pursuant to section 6.A of the License Agreement, Wilfong Hospitality was required to prepare and submit monthly reports to MISF disclosing, among other things, the amount of gross room revenue earned by Wilfong Hospitality at the Hotel in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees due to MISF.

16.    Pursuant to section 6.B of the License Agreement, Wilfong Hospitality agreed to maintain at the Hotel accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Hotel and, pursuant to sections 6.B and 6.C of the License Agreement, Wilfong Hospitality agreed to allow MISF to examine, audit, and make copies of the entries in these books, records, and accounts.

17.    Pursuant to section 10.C(2) of the License Agreement, MISF could terminate the License Agreement, with notice to Wilfong Hospitality, if Wilfong Hospitality: (a) discontinued operating the Hotel as a Microtel Inns and Suites®

guest lodging establishment, or (b) lost possession or the right to possession of the Hotel.

18.    Pursuant to section 10.E of the License Agreement, Wilfong Hospitality agreed that, in the event of a termination of the License Agreement pursuant to section 10, it would pay liquidated damages to MISF in accordance with a formula specified in the License Agreement.

19.    Section 10.E(2) of the License Agreement provided that liquidated damages were equal to the greater of: i) three thousand dollars ($3,000.00) multiplied by the number of approved guest rooms at the Hotel; or ii) the sum of thirty-six (36) multiplied by the average monthly Recurring Fees owed for the twelve (12) months prior to termination.

20.    Pursuant to section 13.K of the License Agreement, Wilfong Hospitality agreed to reimburse MISF for "any attorneys' fees or costs or expenses [MISF incurs] to enforce any of [Wilfong Hospitality's] obligations" under the License Agreement or "to defend against any claim, action or proceeding due to [Wilfong Hospitality's] failure to perform any obligation imposed upon [Wilfong Hospitality] . . . ."

21.    In connection with the execution of the Assignment and Assumption Agreement, Gary Wilfong provided MISF with a Guaranty of Wilfong

6

18213176-4

Hospitality's obligations under the License Agreement. A true copy of the Guaranty is attached hereto as Exhibit F.

22. Pursuant to the terms of the Guaranty, Gary Wilfong agreed, among other things, that upon a default under the License Agreement, he would "immediately make each payment and perform or cause [Wilfong Hospitality] to perform, each obligation required of [Wilfong Hospitality] under the [License] Agreement."

23. Pursuant to the terms of the Guaranty, Gary Wilfong agreed to pay the costs, including reasonable attorneys' fees, incurred by MISF in enforcing its rights or remedies under the Guaranty or the License Agreement.

24. On or about September 22, 2011, MISF and Wilfong Hospitality made, and Gary Wilfong co-made, a Development Incentive Note in the amount of $88,500.00 (the "Note"). A true copy of the Note is attached hereto as Exhibit G.

25. Pursuant to the terms of the Note, one-fifteenth of the original principal amount would be forgiven each year without payment.

26. The Note provides that if the License Agreement terminated for any reason, "the outstanding, unamortized principal balance of this Note shall be immediately due and payable without further notice, demand or presentment."

18213176-4

27.     The Note further provides that if Wilfong Hospitality and Gary Wilfong default on their obligations pursuant to the Note, it shall bear simple interest at a rate of the lesser of eighteen (18%) percent or the highest rate allowed by law.

28.     The Note provides that "[i]f this Note is collected by or through an attorney at law, [MISF] shall be entitled to collect reasonable attorney's fees and all costs of collection."

### The Unilateral Termination of the License Agreement

29.     By letter dated May 3, 2024, a true copy of which is attached as Exhibit H, Wilfong Hospitality's counsel advised MISF that it intended to cease operating the Hotel as a Microtel Inns and Suites® guest lodging facility on May 3, 2024, thereby unilaterally terminating the License Agreement.

30.     By letter dated May 20, 2024, a true copy of which is attached as Exhibit I, MISF acknowledged Wilfong Hospitality's unilateral termination of the License Agreement, effective May 3, 2024, and advised Wilfong Hospitality that it was required to pay to MISF as liquidated damages for premature termination the sum of $281,102.70, as required under section 10.E(2) of the License Agreement, and all outstanding Recurring Fees through the date of termination.

8

18213176-4

31.    MISF has fulfilled all of its obligations under the License Agreement and SynXis Agreement, including, without limitation, providing Wilfong Hospitality the right to use the Microtel Inns and Suites® trade name, trademarks, and service marks.

## FIRST COUNT

32.    MISF repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 31 of the Complaint.

33.    Pursuant to sections 6.B and 6.C of the License Agreement, Wilfong Hospitality agreed to allow MISF to examine, audit, and make copies of Wilfong Hospitality's financial information, including books, records, and accounts, relating to the gross room revenue earned at the Hotel.

34.    The calculation of the monetary amounts sought by MISF in this action is based on the gross room revenue information supplied to MISF by Wilfong Hospitality and, to the extent there has been non-reporting, MISF's estimate as to the gross room revenue earned by Wilfong Hospitality.

35.    The accuracy of this estimate cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements, and books from Wilfong Hospitality.

18213176-4

**WHEREFORE**, MISF demands judgment ordering that Wilfong Hospitality account to MISF for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Hotel from the inception through the date of termination of the License Agreement.

## SECOND COUNT

36. MISF repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 35 of the Complaint.

37. By letter dated May 3, 2024, Wilfong Hospitality, through counsel, advised MISF that it intended to cease operating the Hotel as a Microtel Inns and Suites® guest lodging facility on May 3, 2024, thereby unilaterally terminating the License Agreement.

38. By letter dated May 20, 2024, MISF acknowledged Wilfong Hospitality's unilateral termination of the License Agreement, effective May 3, 2024.

39. Section 10.E of the License Agreement provides that, in the event of termination of the License Agreement due to action of the Licensee, Wilfong Hospitality shall pay liquidated damages to MISF within fifteen (15) days of termination.

18213176-4

40.     Section 10.E(2) of the License Agreement provided that liquidated damages were equal to the greater of: i) three thousand dollars ($3,000.00) multiplied by the number of approval guest rooms at the Hotel; or ii) the sum of thirty-six (36) multiplied by the average monthly Recurring Fees owed for the twelve (12) months prior to termination.

41.     The monthly average Recurring Fees of the Hotel for the twelve (12) months prior to termination was $7,808.41.

42.     As a result of the premature termination of the License Agreement, Wilfong Hospitality is obligated to pay MISF liquidated damages in the amount of $281,102.70, as calculated pursuant to sections 10.E(2) of the License Agreement.

43.     Despite MISF's demand for payment, Wilfong Hospitality has failed to pay MISF liquidated damages as required in sections 10.E of the License Agreement.

44.     MISF has been damaged by Wilfong Hospitality's failure to pay liquidated damages.

**WHEREFORE**, MISF demands judgment against Wilfong Hospitality for liquidated damages in the amount of $281,102.70, together with interest, attorneys' fees, and costs of suit.

11

18213176-4

### THIRD COUNT

45.     MISF repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 44 of the Complaint.

46.     By virtue of the premature termination of the License Agreement, MISF sustained a loss of future revenue over the remainder of the twenty-year term of the License Agreement.

47.     If the Court determines that Wilfong Hospitality is not liable to pay MISF liquidated damages as required by section 10.E of the License Agreement then, in the alternative, Wilfong Hospitality is liable to MISF for actual damages for the premature termination of the License Agreement.

48.     MISF has been damaged by Wilfong Hospitality's breach of its obligation to operate a Microtel Inns and Suites® guest lodging facility for the remaining term of the License Agreement.

**WHEREFORE**, MISF demands judgment against Wilfong Hospitality for actual damages in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit.

### FOURTH COUNT

49.     MISF repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 48 of the Complaint.

18213176-4

50.    Pursuant to section 3.D and section 14.H of the License Agreement, and section 5 of the SynXis Agreement, Wilfong Hospitality was obligated to remit Recurring Fees to MISF.

51.    Despite its obligation to do so, Wilfong Hospitality has failed to remit certain of the outstanding Recurring Fees due and owing under the License Agreement and SynXis Agreement, in the current amount of $62,962.71.

52.    Wilfong Hospitality's failure to remit the agreed outstanding Recurring Fees constitutes a breach of the License Agreement and SynXis Agreement and has damaged MISF.

**WHEREFORE**, MISF demands judgment against Wilfong Hospitality for the outstanding Recurring Fees due and owing under the License Agreement and SynXis Agreement, in the current amount of $62,962.71, together with interest, attorneys' fees, and costs of suit.

## FIFTH COUNT

53.    MISF repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 52 of the Complaint.

54.    Wilfong Hospitality utilized MISF's services, trade names, trademarks, and service marks to earn revenue at the Hotel.

13

18213176-4

55.     Wilfong Hospitality did not adequately compensate MISF for the use of its services, trade names, trademarks, and service marks to earn revenue at the Hotel.

56.     Wilfong Hospitality's failure to compensate MISF constitutes unjust enrichment and has damaged MISF.

**WHEREFORE**, MISF demand judgment against Wilfong Hospitality in an amount equal to the value of the services provided by MISF, together with interest, attorneys' fees, and costs of suit.

## SIXTH COUNT

57.     MISF repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 56 of the Complaint.

58.     Pursuant to the terms of the Guaranty, Gary Wilfong agreed, among other things, that upon a default under the License Agreement, he would immediately make each payment and perform each obligation required of Wilfong Hospitality under the License Agreement and SynXis Agreement.

59.     Despite his obligation to do so, Gary Wilfong has failed to make any payments or perform or cause Wilfong Hospitality to perform each obligation required under the License Agreement and SynXis Agreement.

14

18213176-4

60.    Pursuant to the Guaranty, Gary Wilfong is liable to MISF for Wilfong Hospitality's liquidated damages in the amount of $281,102.70, or actual damages in an amount to be determined at trial, and Wilfong Hospitality's outstanding Recurring Fees due and owing under the License Agreement and SynXis Agreement, in the current amount of $62,962.71.

**WHEREFORE**, MISF demands judgment against Gary Wilfong for damages in the amount of all liquidated damages, or actual damages in an amount to be determined at trial, outstanding Recurring Fees due and owing under the License Agreement, SynXis Agreement, and Guaranty, together with interest, attorneys' fees, and costs of suit.

<u>**SEVENTH COUNT**</u>

61.    MISF repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 60 of the Complaint.

62.    Pursuant to the terms of the Note, Wilfong Hospitality and Gary Wilfong were obligated to pay MISF the principal sum of $29,500.00 within ten (10) days of termination of the License Agreement.

63.    Despite their obligation to do so, Wilfong Hospitality and Gary Wilfong have failed to make the payments due and owing to MISF under the Note.

15

18213176-4

64.     Wilfong Hospitality and Gary Wilfong's failure to make the agreed payment on the Note constitutes a breach of the Note and has damaged MISF.

65.     Wilfong Hospitality and Gary Wilfong's failure to make the agreed payment on the Note constitutes unjust enrichment and has damaged MISF.

**WHEREFORE**, MISF demands judgment against Wilfong Hospitality and Gary Wilfong for damages in the amount of the principal sum of $29,500.00 due and owing under the Note, together with interest, attorneys' fees, and costs of suit.

## EIGHTH COUNT

66.     MISF repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 65 of the Complaint.

67.     Pursuant to O.C.G.A. § 13-6-11, MISF is entitled to recover from Defendants its attorneys' fees and expenses of litigation as Defendants have been stubbornly litigious, acted in bad faith, and/or has caused MISF unnecessary trouble and expense.

16

18213176-4

**WHEREFORE**, MISF demands judgment against Defendants for its attorneys' fees and expenses of litigation.

**Baker Jenner, LLLP**

/s/ *Richard J. Baker*

RICHARD J. BAKER
Georgia State Bar No. 033879
*Attorneys for Plaintiff,*
*Microtel Inns and Suites Franchising,*
*Inc.*

210 Interstate North Parkway, SE
Suite 100
Atlanta, GA 30339
T: (404) 400-5955
E: rick.baker@bakerjenner.com

17

18213176-4